Speak, J.
The contention of plaintiffs in error, in support of their claim of error, is, that the suit pending in the circuit court being one for alimony, was strictly personal, and upon the death of both the plaintiff and the defendant, the suit abated, and could be revived neither in favor of- the plaintiff nor against the personal representative of the defendant. And the whole- controversy centers about this proposition, Text books, and decisions of courts outside of our state, are cited in support of it, all of which have been examined and considered. But we find little to aid us in the array of cases cited. The question is not what is the law of other jurisdictions, but what is the law of Ohio on the subject.'
The final disposition of the case in the court of common pleas, which divorced the parties, left the plaintiff in the attitude of a feme sole, with an award of alimony in gross, which was, in legal effect a judgment. It was.a money claim, a debt collectible by execution, and operated per se as a lien on all the real estate of the defendant in the county. Moore v. Rittenhouse, 15 Ohio St., 310; Conrad v. Everich, 50 Ohio St., 476. And while 'the trial in the circuit court would be a trial de novo as to the amount of the alimony, yet had the appeal been dismissed the judgment of the common pleas would have been left in full force and the lien of the judgment unimpaired. The effect, therefore, of the appeal was not in any wise to unsettle the decree of divorce, nor to vacate the judgment for alimony, but simply to suspend it. It was founded upon a claim established by the statute. Upon the declaration of divorce by the common pleas for the aggressions of the defendant the law vested the right in the plaintiff to an allowance as alimony from the defendant’s real and personal property.^ This right was an absolute one. “Shall be allowed” is the im *68 perative language of the statute. To the court was left simply the fixing of the amount; it must be such as the court should deem reasonable. This provision, unlike alimony pendente, was not for her temporary support; it has been held to be in the nature of a division of property arising out of her former relation as wife and because of his aggressions. Had she died after the decree and no appeal been had no one would doubt that the judgment would have been available to her personal representative just as other indebtedness due to her, and collectible by her representative. This being the nature of the claim, and the form of the judgment which embodied it, why should it not survive? If the administrator of the divorced plaintiff could have proceeded to collect the claim as a judgment, why, in reason, should he not have the right to prosecute the collection of the claim, a claim which the law had established, in any court to which it would or might be carried? As before stated, the right had been fixed by the statute itself upon the pronouncement of the divorce, and the ultimate effect of the appeal would seem to be only to give the right to the defendant to obtain the judgment of another tribunal upon the inquiry as to what amount as alimony was reasonable. It is difficult to see how the appeal could change the nature of the claim itself, for the appellate court had no jurisdiction of, or power to inquire into, the matter of divorce and, as we have found, the divorce fixed the plaintiff’s right to alimony.
But if there be doubt of the proper answer to the contention of plaintiffs in error when reviewed from the standpoint of principle, it seems quite clear that all doubt vanishes when we give effect to our statute, section 5144. It provides that: “Except as otherwise provided, no action or proceeding pending in any *69 court shall abate by the death of either or both of the parties thereto, except an action for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace, for misconduct in office, which shall abate by the death of either party.” It is not by statute “otherwise provided” as to alimony. It is insisted, however, that the cause pending in the circuit court was not a civil action, and hence this statute does not save it. But we need hardly puzzle ourselves with this proposition, for thé suit in the circuit court, if not an action in the strict sense was at least a proceeding, and the statute ip terms covers that kind of a suit.
Complaint is made that the judgment of the circuit court is not justified by the evidence. This court is not concerned with that question. The circuit court was qualified properly to weigh the evidence, and its conclusion in that regard is final.
We are of opinion that the claim of Lucy Gay for alimony, at the time of her decease, was a debt against the defendant, fixed as to the liability, though subject to variation as to amount, and that the cause survived in favor of her administrator and against the administrator of her former husband.

Judgment affirmed.

Minshall, O. J., and Burket, Davis and Shauck, JJ., concur.